IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDRE P. GRANT,

    Plaintiff,

v.

CLAYTON COUNTY, GEORGIA,

    Defendant.

CIVIL ACTION NO.
1:14-CV-1279-TWT-LTW

**MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION**

    This case is presently before the Court on Defendant Clayton County, Georgia's Motion for Sanctions and this Court's June 10, 2015 Order. Docket Entries [30, 33]. For the reasons outlined below, this Court **RECOMMENDS** that Defendant's Motion be **GRANTED** and that Plaintiff's lawsuit be **DISMISSED** for want of prosecution. Docket Entries [30, 31].

    Plaintiff Andre Grant ("Plaintiff"), who is proceeding pro so, filed this employment discrimination lawsuit against Defendant Clayton County, Georgia ("Defendant"), on April 29, 2014.[1] On May 15, 2015, Defendant filed a motion seeking sanctions against Plaintiff because Plaintiff did not appear for his deposition, which was scheduled for April 29, 2015. In Defendant's Motion, Defendant avers that on March

---

[1] This is the third lawsuit Plaintiff has filed in this Court in as many years against Clayton County, its departments, or its employees. Each of Plaintiff's prior lawsuits have been dismissed.

17, 2015, Plaintiff was sent a letter requesting his availability for a deposition, but Plaintiff did not respond. (Ex. 1). On April 1, 2015, Defendant filed and served its notice to take Plaintiff's deposition on April 29, 2015, but Plaintiff did not appear at the scheduled time. (Docket Entry 29; Exs. 2, 3). Defendant subsequently attempted to contact Plaintiff via letter to reschedule his deposition, but Plaintiff has failed to respond. (Ex. 4). As a result, Defendant requests that the Court either dismiss the case with prejudice or alternatively, order Plaintiff to appear for his deposition. Defendant also contends that Plaintiff should be required to pay the attorneys' fees that Defendant incurred due to Plaintiff's failure to attend the deposition. Plaintiff did not file a response in opposition or otherwise respond to Defendant's Motion for Sanctions.

In order to give Plaintiff an opportunity to address Defendant's Motion for Sanctions on June 10, 2015, this Court scheduled a hearing. This Court also mailed Plaintiff an Order indicating that the hearing would be held in Courtroom 1860 on Monday, June 29, 2015, at 10:30 a.m. (Docket Entry 33). Plaintiff was warned within the Order that his "failure to appear for this Court's hearing will result in this Court's recommendation that Plaintiff's case be dismissed for failure to obey a lawful order of the Court." (Id.). Nevertheless, Plaintiff did not appear for the scheduled hearing and did not communicate with the Court to reschedule the hearing.

Under the Federal Rules of Civil Procedure, a court may dismiss an action if the plaintiff fails to obey a court order or a Federal Rule of Civil Procedure. Fed. R. Civ. P. 41(b) (failure to obey a court order or a Federal Rule of Civil Procedure); see also

2

Mathews v. Moss, 506 F. App'x 981, 984 n.4 (11th Cir. 2013): Kelly v. Old Dominion Freight Line, 376 F. App'x 909, 913 (11th Cir. 2010); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). Dismissal with prejudice is considered a sanction of last resort and is only applicable in extreme circumstances. Zocaras, 462 F.3d at 483. Such an extraordinary sanction is only warranted when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1338 (11th Cir. 2005); see also Doye v. Colvin, 378 F. App'x 926, 928 (11th Cir. 2010); Kelly, 376 F. App'x at 913. "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." Kelly, 376 F. App'x at 914 (citing McKelvey v. AT&T Techs., Inc., 789 F.2d 1518, 1520-21 (11th Cir. 1986)). Where the court has forewarned the plaintiff that a failure to comply with the court's orders could result in dismissal, dismissing the plaintiff's action pursuant to Fed. R. Civ. P. 41(b) "generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

     Additionally, Local Rule 41.3(A)(2) provides that the Court may dismiss a case for want of prosecution if a plaintiff refuses to obey a lawful Order of the Court. LR 41.3(A)(2), NDGa. Even though Plaintiff was ordered to appear for a hearing on the Motion for Sanctions and was warned that his failure to appear for the hearing would result in this Court's recommendation that his case be dismissed, Plaintiff did not appear for the scheduled hearing. Plaintiff's action in this regard followed Plaintiff's complete

3

lack of communication with opposing counsel regarding the scheduling of his deposition. Moreover, a review of the docket shows that Plaintiff has taken no action in this case since September of last year. Thus, it appears to this Court that Plaintiff has lost interest in pursuing his lawsuit. Accordingly, this Court concludes that sanctions lesser than dismissal will not suffice to bring Plaintiff in compliance with the Orders of the Court. Therefore, this Court **RECOMMENDS** that Defendant's Motion for Sanctions be **GRANTED** and that Plaintiff's case be **DISMISSED** for want of prosecution. Docket Entries [30, 33]. This Court declines to recommend the sanction of attorneys' fees because dismissal is an adequate sanction for Plaintiff's failure to appear for his deposition and his failure to prosecute his case. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

     **SO REPORTED AND RECOMMENDED**, this 30th day of June, 2015.

                                        /s/ Linda T. Walker
                                        LINDA T. WALKER
                                        UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDRE P. GRANT,<br><br>      Plaintiff,<br><br>v.<br><br>CLAYTON COUNTY, GEORGIA,<br><br>      Defendant. | CIVIL ACTION NO.<br>1:14-CV-1279-TWT-LTW |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir.

AO 72A
(Rev.8/82)

1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  Mitchell v. United States, — F. App'x —, 2015 WL 2145573, at *3 (11th Cir. May 8, 2015); 11th Cir. R. 3-1.  In the absence of a proper objection, however, the appeals court may review the matter on appeal for plain error if necessary in the interest of justice.  Mitchell, 2015 WL 2145573, at *3; 11th Cir. R. 3-1.

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 30th day of June, 2015.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE